UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2007 OCT -1  P 12: 23
U.S. DISTRICT COURT
DISTRICT OF MASS.

MAGISTRATE JUDGE LTS

KIRSTEN MCCANDLESS, on behalf of
herself and all others similarly situated,

Plaintiffs,

v.

STAPLES, INC.

Defendant.

Civil Action No.: 07-_____

07 CA 11850 RCL

## CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.  Plaintiff alleges that Defendant willfully violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to pay her overtime premium pay for all hours worked in excess of forty per week. Plaintiff makes this allegation on behalf of herself and all other similarly situated current and former employees of Defendant who elect to opt in to this action, pursuant to FLSA, 29 U.S.C. § 216(b).

2.  Plaintiff further alleges that Defendant's failure to pay compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the Massachusetts Wage Act, M.G.L, chapters 149 and 151. Plaintiff makes this allegation on behalf of herself and a class of all other similarly situated current and former employees of Defendant pursuant to Fed.R.Civ.P. 23.

### JURISDICTION AND VENUE

3.  This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4.  Venue is appropriate under 28 U.S.C. § 1391(b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Plaintiff is a resident of this judicial district and Defendant is subject to personal jurisdiction in this district.

## PARTIES

5.  Plaintiff Kirsten McCandless is a resident of Mashpee, Massachusetts. She is currently employed as a Specialist by Defendant.

6.  Plaintiff brings this action on behalf of herself and all individuals who are, or have been, employed by Defendant as a Specialist anywhere in the United States during the period beginning on the day that is three years immediately preceding the date on which this action was filed through the date this action is finally resolved (the "Class Period").

7.  Upon information and belief, Staples, Inc. ("Defendant"), is a Delaware corporation with a principal place of business at 500 Staples Drive, Framingham, Massachusetts. Defendant is one of the largest office products companies in the world, and advertises and sells products through the Internet and conducts a catalog and telephone sales operation.

## INDIVIDUAL ALLEGATIONS

8.  Plaintiff Kirsten McCandless has worked continuously for Defendant since approximately September 2002 as a Specialist in Defendant's Product Solutions Specialist Group.

9.  At all times during the Class Period, Plaintiff's primary job duty has been to answer inbound telephone calls from Defendant's customers and assist those customers with product purchases. She also is required to attend meetings and to complete regularly scheduled training.

10. Plaintiff has performed her work primarily within Defendant's Framingham, Massachusetts office.

11. Plaintiff's primary duty has not consisted of performing office or managerial work directly related to Defendant's management policies or general business operations or those of its customers. Nor has her primary duty included work requiring the exercise of discretion or independent judgment with respect to matters of significance.

12. Plaintiff does not supervise two or more persons. Plaintiff has no management responsibilities, and is responsible only for her own work. And, Plaintiff's duties do not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

13. During the Class Period, Plaintiff has regularly worked in excess of forty hours per week.

14. Defendant has been aware of Plaintiff's work hours, but has failed to pay Plaintiff the full amount of wages to which she is entitled for this work time under the law.

15. Plaintiff and other persons employed by Defendant as Specialists have repeatedly complained to Defendant about the failure to pay proper wages. Despite these complaints, Defendant has nevertheless repeatedly continued in its failure to pay Plaintiff all of the wages due to her under the law.

16. Defendant's failures to pay proper wages in a timely manner were made in bad faith, knowingly, willfully and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

17. Defendant compensates Plaintiff McCandless at a fixed rate plus commissions, regardless of the number of hours worked, although commission payments to her have never exceeded one-half of her total earnings in any period.

18. Throughout her numerous regular and overtime working hours, Plaintiff McCandless conferred a measurable benefit upon Defendant.

19. Plaintiff has satisfied all prerequisites and conditions precedent necessary to seek remedy against Defendant by this action. Attached as Exhibit "A" is a letter from the Office of the Attorney General authorizing Plaintiff McCandless to pursue her claims for unpaid wages through a private lawsuit in civil court, and attached as Exhibit "B" is Plaintiff McCandless's Consent Form whereby she consents to be a party to this action pursuant to 29 U.S.C. §216(b).

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings this action as a collective action on behalf of herself and all individuals who are, or have been, employed by Defendant as a "Specialist" anywhere in the United States during the Class Period and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek as required by law (jointly, the "FLSA Class Members" or the "FLSA Class").

21. At all times during the Class Period, Defendant had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce, and Defendant had annual gross sales of at least $500,000.

22. At all times during the Class Period, Defendant paid all of the FLSA Class Members in the same manner and under the same standard employment procedures and practices as Plaintiff.

23. The duties and business activities of the FLSA Class Members were essentially the same as the duties and activities of Plaintiff described above, and Defendant has been aware of those duties and activities.

24. During the Class Period, the FLSA Class Members have regularly worked in excess of forty hours per week.

25. Defendant has been aware of the hours worked by the FLSA Class Members, but has failed to pay Plaintiff and the FLSA Class Members the full amount of wages to which they are entitled for this work time under the law.

26. Plaintiff and other persons employed by Defendant as Specialists have repeatedly complained to Defendant about the failure to pay proper wages. Despite these complaints, Defendant has nevertheless repeatedly continued in its failure to pay the FLSA Class Members all of the wages due to them under the law.

27. Defendant also has been fully aware that the duties of Plaintiff and the FLSA Class Members were and are inconsistent with exempt status under the overtime provisions of the FLSA.

28. Yet, the FLSA Class Members, like Plaintiff, all have been subject to the same unlawful policy or plan to classify them as exempt from the provisions of the FLSA, while at the same time assigning them duties inconsistent with that status.

29. By their conduct, as set forth herein, Defendant violated 29 U.S.C. §207(a) by failing to pay the FLSA Class Members, like Plaintiff, one and one-half times their regular hourly rates for hours worked in excess of forty hours during a workweek.

30. As with Plaintiff, Defendant's violations of 29 U.S.C. §207(a) with respect to the FLSA Class Members were repeated, willful and in bad faith, and Plaintiff and the FLSA Class Members have been damaged by such violations.

31. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendant is liable to Plaintiff and the FLSA Class Members for the full amount of all their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus their attorneys fees and costs.

32. While their exact number is unknown to Plaintiff at the present time, Plaintiff believes that there may be at least 50 similarly situated members of the FLSA Class who are or have been employed by Defendant in the United States as Specialists during the Class Period, most of whom it is believed would not likely file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims. Thus, a collective action is the most efficient mechanism for resolution of the claims of the FLSA Class.

33. In addition, a collective action under 29 U.S.C. §216(b) is superior to other available methods for the fair and efficient adjudication of this controversy, because the damages suffered by individual members of the FLSA Class may be relatively small, and the expense and burden of individual litigation would make it impossible for such persons individually to redress the wrongs done to them. Further, because of the similarity of the FLSA Class Members' claims, individual actions would present the risk of inconsistent adjudications subjecting Defendant to incompatible standards of conduct.

34. This case involves common questions of law and fact affecting the rights of all Class Members, including but not limited to: (a) their status as employees of Defendant under the FLSA, (b) the classification of Specialists as exempt, (c) the proof necessary to sufficiently

determine the number of hours worked, (d) whether Defendant's violations were willful under the FLSA, (e) whether Defendant should be enjoined from future violations of the FLSA, and (f) the relief sought.

35. The claims of the Plaintiff are typical of the claims of the FLSA Class. Defendant acted consistently towards the FLSA Class Members, unlawfully classifying each such person as exempt from the overtime laws while having the same job duties which were inconsistent with exempt status. Defendants' defense that the members of the FLSA Class were correctly classified as exempt or otherwise not entitled to additional wages will be the same for each individual and will not turn on any individual differences in such persons' job duties.

36. Plaintiff can adequately and fairly represent the interests of the FLSA Class. Plaintiff has no potential conflicts with the proposed FLSA Class Members, and her individual interests are consistent with, not antagonistic to, the interests of the class. Furthermore, counsel for Plaintiff possess the requisite resources and ability to prosecute vigorously this case as a class action and are experienced labor and employment attorneys who have litigated complex cases on behalf of individuals involving issues similar to those at issue in this case.

37. Defendant has acted or refused to act on grounds generally applicable to the FLSA Class, thereby making it appropriate that final injunctive relief or corresponding declaratory relief be available to the FLSA Class as a whole.

38. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action, and Plaintiff and counsel for Plaintiff suffer no conflicts of interest with any of the FLSA Class.

39. Plaintiff is currently unaware of the identities of all the members of the FLSA Class, as such information is within the sole control of Defendant. Accordingly, Defendant should be required to provide to Plaintiff a list of all persons employed by Defendant as Specialists during the Class Period, stating their last known addresses and telephone numbers, so that Plaintiff can give such persons notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

## MASSACHUSETTS CLASS ALLEGATIONS

40. Plaintiff brings this action on behalf of herself and all individuals who are, or have been, employed by Defendant as a "Specialist" in the Commonwealth of Massachusetts during the Class Period (jointly, the "Massachusetts Class Members" or the "Massachusetts Class").

41. Plaintiff makes this allegation on behalf of herself and the Massachusetts Class Members pursuant to Fed.R.Civ.P. 23.

42. At all times during the Class Period, Defendant paid all of the Massachusetts Class Members in the same manner and under the same standard employment procedures and practices as Plaintiff.

5

43. The duties and business activities of the Massachusetts Class Members were essentially the same as the duties and activities of Plaintiff described above, and Defendant has been aware of those duties and activities.

44. During the Class Period, the Massachusetts Class Members have regularly worked in excess of forty hours per week.

45. Defendant has been aware of the hours worked by the Massachusetts Class Members, but has failed to pay the Massachusetts Class Members the full amount of wages to which they are entitled for this work time under the law.

46. Plaintiff and other persons employed by Defendant as Specialists have repeatedly complained to Defendant about the failure to pay proper wages. Despite these complaints, Defendant has nevertheless repeatedly continued in its failure to pay the Massachusetts Class Members all of the wages due to them under the law.

47. Defendant also has been fully aware that the duties of Plaintiff and the Massachusetts Class Members were and are inconsistent with exempt status under the overtime provisions of the M.G.L. c. 151 §1A.

48. Yet, the Massachusetts Class Members, like Plaintiff, all have been subject to the same unlawful policy or plan to classify them as exempt from the provisions of the M.G.L. c. 151 §1A, while at the same time assigning them duties inconsistent with that status.

49. Furthermore, the Massachusetts Class Members, like Plaintiff, all have been subject also to the same unlawful policy or plan by Defendant in failing, refusing and neglecting to pay them regular wages for all hours worked as required under the provisions of the M.G.L. c. 149 §148.

50. As with the Plaintiff, Defendant's knowing violations of Massachusetts law with respect to the Massachusetts Class Members were carried out with an evil motive or a reckless disregard for the rights of Plaintiff and the Massachusetts Class Members.

51. Plaintiff and the Massachusetts Class Members have been damaged by Defendant's violations of Massachusetts law, and Defendant is liable to Plaintiff and the Massachusetts Class Members for the full amount of all their unpaid wages, plus treble damages.

52. While the exact number of members of the Massachusetts Class is unknown to Plaintiff at the present time, Plaintiff believes that there may be at least 50 similarly situated individuals who are or have been employed by Defendant as a Specialist in the Commonwealth of Massachusetts during the Class Period and would, therefore, be members of the Massachusetts Class. For this reason, joinder of all members of the Massachusetts Class would be impracticable.

53. This case involves common questions of law and fact affecting the rights of all the Massachusetts Class Members, including but not limited to: (a) their status as employees of Defendant under applicable Massachusetts laws, (b) the classification of Specialists as exempt,

(c) the proof necessary to sufficiently determine the number of hours worked, (d) whether such conduct was performed with evil motive or reckless disregard under Massachusetts law, (e) whether Defendant should be enjoined from future violations of Massachusetts law, and (f) the relief sought. Each member of the Massachusetts Class has an interest in this litigation arising out of a common relationship to a definite wrong.

54. The claims of the Plaintiff are typical of the claims of the Massachusetts Class. Defendant acted consistently towards the Massachusetts Class Members, unlawfully classifying each such person as exempt from the overtime laws while having the same job duties which were inconsistent with exempt status, and failing to pay each such person in a timely manner all regular wages owed for all hours worked. Defendants' defense that the members of the Massachusetts Class were correctly classified as exempt or otherwise not entitled to additional wages will be the same for each individual and will not turn on any individual differences in such persons' job duties.

55. Plaintiff can adequately and fairly represent the interests of the Massachusetts Class. Plaintiff has no potential conflicts with the proposed Massachusetts Class Members, and her individual interests are consistent with, not antagonistic to, the interests of the class. Furthermore, counsel for Plaintiff possess the requisite resources and ability to prosecute vigorously this case as a class action and are experienced labor and employment attorneys who have litigated complex cases on behalf of individuals involving issues similar to those at issue in this case.

56. The prosecution of separate actions against Defendant would create a risk of inconsistent or varying adjudications with respect to individual members of the Massachusetts Class which would establish incompatible standards of conduct for Defendant. In addition, adjudications with respect to individual members of the Massachusetts Class could as a practical matter be dispositive of the interests of all the other members of the Massachusetts Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests. Plaintiff knows of no other pending litigation against Defendant concerning this controversy commenced by any member of the Massachusetts Class.

57. Defendant has acted or refused to act on grounds generally applicable to the Massachusetts Class, thereby making it appropriate that final injunctive relief or corresponding declaratory relief be available to the Massachusetts Class as a whole.

58. A class action is therefore superior to other methods, if any, available for the fair and efficient adjudication of the controversy. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action, and Plaintiff and counsel for Plaintiff suffer no conflicts of interest with any of the Massachusetts Class.

59. Because Plaintiff McCandless and the Massachusetts Class Members challenge the same unlawful compensation practices, the questions of law or fact relating to the Massachusetts Class predominate over any questions affecting only individual Massachusetts Class Members.

## CLAIMS FOR RELIEF
## COUNT ONE
FLSA Collective Action Overtime Claim

60. At all times relevant to this Complaint, Defendant has been and continues to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

61. At all times relevant to this Complaint, Defendant has "employed" Plaintiff and the FLSA Class Members, suffering or permitting them to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

62. Defendant's failures to pay overtime wages to Plaintiff and the FLSA Class Members for such work violates the FLSA (29 U.S.C. § 207).

63. Defendant's failures to provide required compensation for all hours worked by Plaintiff and the FLSA Class Members are willful violations within the meaning of FLSA (29 U.S.C. § 255(a)).

64. Defendant's repeated and intentional failures to provide required compensation for all hours worked by Plaintiff and the FLSA Class Members were not made in good faith.

65. As a result of Defendant's violations of the FSLA, Plaintiff and the FLSA Class Members have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO
Massachusetts Law Class Action Overtime Claim

66. At all times relevant to this Complaint, Defendant was an "employer" of Plaintiff and the Massachusetts Class Members within the meaning of the Massachusetts Wage Act (M.G.L. c. 149 and 151).

67. At all times relevant to this Complaint, Plaintiff and the Massachusetts Class Members were "employees" of Defendant within the meaning of Massachusetts Wage Act (M.G.L. c. 149 and 151).

68. At all times relevant to this Complaint, Defendant employed Plaintiff and the Massachusetts Class Members, suffering or permitting them to work within the meaning of Massachusetts Wage Act (M.G.L. c. 149 and 151).

69. Defendant failed to pay overtime premiums to Plaintiff and the Massachusetts Class Members for all such work hours in excess of 40 hours per workweek, in violation of the Massachusetts Wage Act (M.G.L. c. 151).

70. Such failures constituted outrageous conduct, made knowingly and willfully, because of Defendant's evil motive or reckless indifference to Plaintiff's and the Massachusetts Class Members' rights.

71. As a result of Defendant violation of the Massachusetts Wage Act, Plaintiff and the Massachusetts Class Members have incurred harm and loss in an amount to be determined at trial, along with multiple damages, attorneys' fees and costs of litigation.

### COUNT THREE
Massachusetts Law Class Action Wage and Hour Claim

72. At all times relevant to this Complaint, Defendant was an "employer" of Plaintiff and the Massachusetts Class Members within the meaning of the Massachusetts Wage Act (M.G.L. c. 149).

73. At all times relevant to this Complaint, Plaintiff and the Massachusetts Class Members were "employees" of Defendant within the meaning of Massachusetts Wage Act (M.G.L. c. 149).

74. At all times relevant to this Complaint, Defendant employed Plaintiff and the Massachusetts Class Members, suffering or permitting them to work within the meaning of Massachusetts Wage Act (M.G.L. c. 149).

75. Defendant failed to pay regular wages to Plaintiff and the Massachusetts Class Members for all such work in a timely manner, in violation of the Massachusetts Wage Act (M.G.L. c. 149).

76. Such failures constituted outrageous conduct, made knowingly and willfully, because of Defendant's evil motive or reckless indifference to Plaintiff's and the Massachusetts Class Members' rights.

77. As a result of Defendant violation of the Massachusetts Wage Act, Plaintiff and the Massachusetts Class Members have incurred harm and loss in an amount to be determined at trial, along with multiple damages, attorneys' fees and costs of litigation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), appointing Plaintiff and her counsel to represent the FLSA Class, and direct Defendant to provide to Plaintiff a list of all persons employed by them as Specialists during the Class Period, including the last known address and telephone numbers, so that Plaintiff can give such FLSA Class Members notice of the pendency of this action and an opportunity to make an informed and timely decision about whether to participate in it;

(B) Determine the damages sustained by Plaintiff and the Class Members as a result of Defendant's violations of 29 U.S.C. §207(a), and award those damages against Defendant and in favor of Plaintiff and the FLSA Class Members, plus an additional equal amount as liquidated

damages pursuant to 29 U.S.C. §216(b), plus such pre-judgment interest as may be allowed by law;

(C)     Declare this action to be maintainable as a class action on behalf of the Massachusetts Class Members pursuant to Fed.R.Civ.P. 23, appointing Plaintiff and her counsel to represent the Massachusetts Class;

(D)     Determine the damages sustained by Plaintiff and the Massachusetts Class Members as a result of Defendant's violations of M.G.L. c. 149 and M.G.L. c. 151, and award those damages against Defendant and in favor of Plaintiff and the Massachusetts Class Members, plus treble damages pursuant to M.G.L. c. 149 and M.G.L. c. 151, and such pre-judgment interest as may be allowed by law;

(E)     Require Defendant to provide an accounting to Plaintiff of the amount of damages incurred by her and the Massachusetts Class Members, to provide a mechanism to identify and notify such persons of the losses they have suffered, and to provide for the fair and equitable distribution of all damages awarded in this action;

(F)     Award Plaintiff and the FLSA and Massachusetts Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and any reasonable accountants' or experts' fees;

(G)     Enter a permanent injunction ordering Defendant henceforth to refrain from engaging in the unlawful conduct described in this Complaint and to take all necessary measures to ensure that it is at all times in compliance with such injunction; and

(H)     Grant Plaintiff and the FLSA and Massachusetts Class Members such other and further relief as this Court may deem just and proper.

By the attorneys for the Plaintiff and the Class Members,

Philip J. Gordon (BBO #630989)
Kristen M. Hurley (BBO #658237)
GORDON LAW GROUP LLP
535 Boylston Street
Boston, Massachusetts 02116
(617) 536-1800