## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| **KIRSTEN MCCANDLESS, on behalf of** ) | |
| **herself and all others similarly situated,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **07-cv-11850-FDS** |
| ) | |
| **STAPLES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## SETTLEMENT ORDER GRANTING FINAL
## APPROVAL OF CLASS ACTION SETTLEMENT

**SAYLOR, J.**

Plaintiff Kirsten McCandless and defendant Staples, Inc. have submitted their proposed

Settlement Agreement, Release and Waiver ("Settlement Agreement") to settle the

above-captioned class action subject to this Court's approval.  The Court granted preliminary

approval on October 20, 2009.

In accordance with the Preliminary Order Granting Preliminary Approval of Class Action

Settlement and the Settlement Agreement, notice was sent to all Settlement Class Members via

first class mail.  Follow-up mailing and searches was performed for returned mail, and the

distribution of notices to the Settlement Class was completed in a timely manner.

This matter is now before the court on Plaintiff's Unopposed Motion for Final Approval

of the Proposed Settlement Agreement and an Award of Attorneys' Fees and Costs.  No

opposition was filed to the motion.  No Settlement Class Member has objected to the terms of the

settlement.  One Settlement Class Member opted out of the settlement.  Fifty-two of the sixty-two Settlement Class Members have timely elected to participate in the settlement.

The Court has considered all pleadings and presentations made in connection with the motion and application and at the Final Approval Hearing held on February 22, 2010.

Based on the foregoing, **IT IS HEREBY ORDERED THAT:**

1.      This Settlement is approved pursuant to Fed. R. Civ. P. 23(e) and 29 U.S.C. 216(b) ("FLSA").

2.      For the reasons set forth in the Preliminary Order Granting Preliminary Approval of Class Action Settlement and at the Final Approval Hearing, which are adopted and incorporated herein by reference, this Court makes final its earlier provisional certification of the Settlement Class defined as:  "Senior Product Solution Specialists who worked for Staples in Massachusetts between October 1, 2004 and June 30, 2008 and who have filed consents to join the Action and who have not opted-out of the Action."

3       The Notice fully and accurately informed the Settlement Class Members of all material elements of the proposed Settlement and of their opportunity to object to it or participate in the Settlement; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Settlement Class Members; and complied fully with the Federal Rules of Civil Procedure, the FLSA, due process and other applicable law.  A full opportunity has been afforded to the Settlement Class Members to participate in this hearing.

4.      The Court has reviewed the Settlement Agreement and finds that it is fair, reasonable, and adequate when balanced against the possible outcome of further litigation relating to class certification, liability, damages, and the possibility of recovery.  The Court finds that

extensive discovery, investigation, informal discovery, and research have been conducted such that counsel for all parties are able reasonably to evaluate their respective positions.  The Court finds that the Settlement has been reached after intensive, serious and non-collusive arm's-length negotiations.

5.      The Court hereby grants final approval to the Settlement and finds it fair, reasonable, and adequate, and in the best interest of the Settlement Class as a whole. Accordingly, the Court hereby directs that the Settlement be effected in accordance with the Settlement Agreement and the terms and conditions of this Order.

6.      With entry of this Order for final approval of the proposed Settlement Agreement, the Settlement Class Members release such claims as provided in the Settlement Agreement.

7.      The Court orders payment to the Settlement Administrator, Rust Consulting, Inc., in an amount not to exceed $25,000, to compensate it for providing settlement administration services, consistent with the terms of the Settlement and the Notices.  Payment of this award is hereby ordered in its entirety from the Settlement Fund within 14 days of Final Approval (as that term is defined in the Settlement Agreement).

8.      The Court orders payment to plaintiff Kirsten McCandless of an enhancement payment in the amount of $8,000.  The Court finds that such payment is fair and reasonable in light of the benefits she provided to the Settlement Class and Plaintiff's Counsel.  Payment of this award is hereby ordered in its entirety from the Settlement Fund within 14 days of Final Approval (as that term is defined in the Settlement Agreement).

9.      The Court orders payment to Class Counsel, Gordon Law Group, LLP, of attorneys' fees in the amount of $260,700 pursuant to Rule 23(h) of the Federal Rules of Civil

Procedure, plus reimbursement of out-of-pocket expenses in an amount not to exceed $3,100. The Court finds that such payments are fair and reasonable under the circumstances.  In ordering this award of attorneys' fees and costs, the Court has considered the following factors:  (a) the contingent nature of this action; (b) the experience, reputation, and ability of plaintiff's counsel and the skill they displayed in this litigation; (c) the results achieved under the Settlement; (d) the preclusion of other employment; and (e) the reasonable attorneys fees to which Gordon Law Group, LLP, otherwise would have been entitled if the firm sought attorney's fees from the Court under the fee shifting provisions of the Wage Act (calculated at $585 per hour for Mr. Gordon and $275 per hour for Ms. Hurley, rates which the Court finds fair, reasonable, and appropriate). Payment of this award is hereby ordered in its entirety from the Settlement Fund within 14 days of Final Approval (as that term is defined in the Settlement Agreement).

10.     In accordance with the Settlement Agreement, the funds represented by any checks for Settlement Awards sent to Class Members that have not been negotiated after 160 days following the Final Approval, shall be distributed as a *cy pres* award to Ashoka or the Boys & Girls Club of America, as provided in the Settlement Agreement.

11.     Following payment in full of all amounts awarded in this Final Order and Judgment, the case shall be dismissed with prejudice.

12.     Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement Agreement and the Settlement Class to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms and the order of this Court.  Having found that said Settlement is fair and reasonable, the Court, in the interests of justice, expressly directs the Clerk of the Court to

enter this Final Order, and hereby decrees that, upon entry, it be deemed a final judgment finally dismissing the action subject to its terms.

For the foregoing reasons, it is SO ORDERED.  Judgment is hereby entered according to the terms set forth above.


Dated:  February 23, 2010                    /s/ F. Dennis Saylor
                                             F. Dennis Saylor IV
                                             United States District Judge